DEMETRI G. COCHRAN,

      **Plaintiff,**

**vs.**

NICKLAUS ENGINEERING, INC.,
OASIS OUTSOURCING ADMIN II, INC.,
and SPENCER CONSTRUCTION LLC,

      **Defendants.**

§
§
§
§
§
§
§
§
§
§
§
§

**CASE NO. 2:25-CV-00883-GJF-JHR**

## DEFENDANT SPENCER CONSTRUCTION LLC'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Spencer Construction LLC ("Spencer Construction") and files this Motion to Dismiss Plaintiff's Tortious Interference with Prospective Economic Advantage Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully showing the Court as follows:

## I.      PROCEDURAL BACKGROUND

Plaintiff Demetri Cochran filed suit against Spencer Construction on July 31, 2025, in the Third Judicial District Court of New Mexico, related to his termination of employment as a Project Engineer from Co-Defendant Nicklaus Engineering, Inc. ("Niklaus"). [Doc. 1-1, Plaintiff's Original Complaint at p. 2]. Nicklaus removed Plaintiff's lawsuit to this Court on September 11, 25. [Doc. 1]. Shortly thereafter, Nicklaus filed its Amended Motion for More Definite Statement [Doc. 5], Defendant Oasis Outsourcing Admin II, Inc. ("Oasis") filed its Motion to Dismiss [Doc. 7), and Spencer Construction filed its Motion to Dismiss [Doc. 8]. In response, Plaintiff filed an Amended Complaint on [Doc. 16, Plaintiff's Amended Complaint ("Compl.")

In his Amended Complaint, Plaintiff alleges a claim of tortious interference with prospective economic advantage ("Plaintiff's tortious interference claim") against Spencer

Construction. Compl. at p. 8. As is more fully set forth herein, Spencer Construction moves to dismiss Plaintiff's tortious interference claim as he has failed to plead facts to show this claim is viable on its face.

## II. ARGUMENTS AND AUTHORITIES

### A. FEDERAL RULE OF CIVIL PROCEDURE 12 (B)(6)

A court should dismiss a complaint if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). The allegations of the pleading fall short of showing that the plaintiff is entitled to relief when they do not allow the court to infer anything more than the mere possibility of wrongdoing. *Iqbal*, 129 S.Ct. at 1950.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**B. Plaintiff's Complaint Fails to State a Legally Cognizable Tortious Interference Claim**

New Mexico recognizes a claim for tortious interference with prospective contractual relationships, as adopted from and stated in the Restatement (Second) of Torts § 766B. *See M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 245, 453 (N.M. App., 1980). Section 766B states:

> One who intentionally and improperly interferes with another's prospective contractual relation … is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of:
>
> (a) Inducing or otherwise causing a third person not to enter into or continue the prospective relation or
>
> (b) Preventing the other from acquiring or continuing the prospective relation.

*Id*; Restatement (Second) of Torts § 766B.

To establish such a claim – or Plaintiff's Tortious Interference claim – Plaintiff must allege (1) that "there was an actual prospective contractual relation which, but for the [Defendant's] interference, would have been consummated;" and (2) that the defendant committed the tort with either improper motive or through improper means. *See Anderson v. Dairyland Ins. Co.*, 637 P.2d 837 (N.M., 1981) (first element); *see also Zarr v. Washington Tru Solutions, LLC*, 208 P.3d 919, 921-22 (N.M. App., 2009). Here, Plaintiff presents no substantive allegations to support the required elements of his claim, such that dismissal of the claim is warranted.

Plaintiff's allegations are premised on alleged internal reporting he made concerning illegal water theft during his employment as a Project Manager for Nicklaus on the "El Paso TIMP project." Compl. at pp. 2, 8-9. Plaintiff alleges that in early March 2025, the Camino Real Regional Utility Authority ("CRRUA") instructed Nicklaus to return its water meter, further advising that water could no longer be drawn from its sources until the meter was recalibrated and

reissued. *Id.* at p. 3. Plaintiff contends that a Spencer Construction Superintendent declared, "All right guys, we're going cowboy! We're gonna steal water from CRRUA," seemingly announcing with excitement a plan to disregard CRRUA's instructions. *Id.*

Plaintiff further alleges that he confronted Spencer Construction's Superintendent and secured photographs of a Spencer Construction employee taking water despite the absence of a reissued meter. *Id.* at 4. Based upon this information, Plaintiff claims he reported the alleged theft to the U.S. Border Patrol, the federal contractor for the project, to avoid personal and professional repercussions from the alleged theft. *Id.* Plaintiff alleges that a Spencer Construction owner then engaged in a "campaign of retaliation" against Plaintiff that ultimately resulted in his termination from Nicklaus. *Id.*

Specifically, Plaintiff alleges that Spencer Construction representatives met with CRRUA without him and confronted him "in a hostile, closed-door meeting without any Nicklaus superior present." *Id.* at 5. Plaintiff also claims that the same Spencer Construction owner continued to mistreat him, including calling obscenities in front of his peers and supervisor. *Id.* However, Plaintiff does not allege that Spencer Construction representatives communicated with Nicklaus about Plaintiff's employment; indeed, Plaintiff concedes that it was he that twice reported to Nicklaus that "he was being singled out for reporting the theft," and fails to allege that Spencer Construction caused Nicklaus to terminate him. *See id.* at p. 5, ¶¶ 22, 26.

Also notably absent from Plaintiff's Amended Complaint is any allegation that Spencer Construction interfered with prospective government contractors, including the U.S. Border Patrol, which he alleges to be the prospective contractual relationships forming the basis of his Tortious Interference claim. *Id.* at 8. Moreover, Plaintiff wholly fails to identify the "actual prospective contractual relation which, but for the [Defendant's] interference, would have been

consummated." *Anderson v. Dairyland Ins. Co.*, 637 P.22d at 841. The expectation of the prospective relation ripening into an actual relation must be reasonable, not speculative. *Marmis v. Solot Co.*, 573 P.2d 899, 902 (Ariz. App. 1977).[1] Plaintiff fails to allege even this minimally established relationship with a prospective contractor.

Plaintiff also attempts to argue that his termination itself serves as the interference because it "damage[ed] his professional reputation and render[ed] him unemployable for similar government contract positions." Compl. at p. 9. However, Plaintiff's own admission that he was employed, and terminated, by Nicklaus highlights his failure to allege facts supporting his Tortious Interference claim against Spencer Construction.

Plaintiff also fails to allege, even liberally, that Spencer Construction allegedly interfered with his unidentified prospective contractual relationships through either improper motive or through improper means. *See Zarr v. Washington Tru Solutions, LLC*, 208 P.3d at 921-22. In fact, comment d of the Restatement Second Torts § 766B notes that two significant factors to consider under this analysis are the actor's motive and the interest which the actor seeks to advance. Restatement (Second) of Torts § 766B. If the actor did not desire to cause the interference but had another purpose for his action which simply had the incidental result of causing the interference, the interference is generally not considered improper. *Id*. Plaintiff pled that Spencer Construction sought to accuse Plaintiff of water theft and harass Plaintiff for reporting the alleged theft. Compl. at pp. 8-9. Plaintiff's clear pleadings demonstrate that Spencer Construction had another purpose for its actions, which incidentally caused the alleged interference. Accordingly, Plaintiff failed to allege that Spencer Construction interfered through improper means or motive.

---

[1] Defendant Spencer Construction acknowledges this caselaw is not binding on this Court but offers it for its persuasive value.

In sum, Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face as to his Tortious Interference claim against Spencer Construction. Any opportunity to replead would be futile in light of the admissions in his amended pleading, and Plaintiff's Tortious Interference claim should be dismissed with prejudice. *See In re Thornburg Mortgage, Inc. Securities Litigation*, 265 F.R.D. 571 (D.N.M 2010) ("the district court may deny leave to amend where amendment would be futile").

CONCLUSION

For the reasons set forth above, Defendant Spencer Construction LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Tortious Interference Claim should be granted in its entirety. Plaintiff's Tortious Interference claim should be dismissed with prejudice. Defendant Spencer Construction respectfully prays for all further relief, either at law or in equity, to which it may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Elbert Ortiz*
Jo Beth Drake
NM Bar No. 148310
Preston Commons
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: 214-987-3800
Facsimile: 214-987-3927
Email: jobeth.drake@ogletree.com

Elbert Ortiz
Pro Hac Vice
Texas State Bar 24087007
elbert.ortiz@ogletree.com
Weston Centre
112 E. Pecan St. Ste. 2700
San Antonio, Texas 78205
Telephone: 210-357-1300
Facsimile: 210-277-2702

**ATTORNEYS FOR DEFENDANT SPENCER CONSTRUCTION LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of October 2025, the foregoing document was electronically transmitted to the Clerk's office using the CM/ECF system for filing with a copy served electronically on:

John P. Valdez
David & Valdez, P.C.
1801 N. Stanton
El Paso, Texas 79902

Matthew Feinberg
PilieroMazza PLLC
1001 G. Street NW, Suite 1100
Washington, DC 20001

Melina Valladares
Danny Jarrett
Jackson Lewis
500 Marquette Ave. NW, Suite 1050
Albuquerque, NM 87102

/s/ *Elbert Ortiz*
Elbert Ortiz