IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Demetri G. Cochran,

Plaintiff

v.

Nicklaus Engineering, Inc., et al.

Defendants

Case No. 2:25-cv-00883-SMD-JHR

**DEFENDANT'S, NICKLAUS ENGINEERING, INC., REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Nicklaus Engineering, Inc. ("Nicklaus"), by and through its undersigned counsel, submits this Reply in Support of its Motion to Dismiss Count I of the Amended Complaint filed by Plaintiff, Demetri Cochran ("Plaintiff"), with prejudice, for repeated failure to state a claim upon which relief may be granted (the "Motion," Dkt. No. 26).

## I. SUMMARY

Plaintiff's opposition to the Motion contains in its five brief paragraphs labeled "Argument" no useful analysis or rebuttal to the challenges raised by Nicklaus. *See* Dkt. No. 31 ¶¶ 3-7. Instead, the text spanning a bit more than one double-spaced page misstates the factual allegations within the Amended Complaint, Dkt. No. 16, ignores and therefore concedes determinative arguments made in the Motion, and offers only the purposeless recitation of legal conclusions that would, if somehow accepted by this Court, allow Count I to survive. *See generally id.* Those legal conclusions are wholly unsupported by the pleading, though, and cannot be derived from any counterargument against dismissal suggested by Plaintiff's abbreviated opposition. The rules do not allow for the endless amending of a complaint just in

case a plaintiff might—on some far-flung date and after imposing unfair costs on his targets and the judicial system—file something capable of meeting Fed. R. Civ. P. 12(b)(6)'s standard. *Lane v. Page*, 649 F.Supp.2d 1256, 1274–75 (D.N.M. 2009).

The Amended Complaint does not, by reference to facts, describe the elements required for pleading the narrow exception to at-will employment termination Plaintiff claims for a retaliatory discharge in violation of New Mexico's public policy. Dkt. No. 26 at 10-14. None of the brief circumstances he alleges rise to the level of intolerable workplace conditions, and the Amended Complaint's *ipse dixit* that a relocation offer Nicklaus provided (among other choices) amounted to a constructive discharge fails for want of the necessary factual enhancement required to support any inferences in Plaintiff's favor. *Id.* at 14-16. Dismissal of Count I is therefore required; moreover, it should be with prejudice because Plaintiff's retaliatory discharge theory is unsalvageable and his pleading's obvious defects persist despite an earlier amendment.

## II. ARGUMENT

### A. Plaintiff's Opposition Mischaracterizes His Pleading and He Has Not Pled Facts Sufficient to Demonstrate New Mexico Law Applies.

Count I is brought under New Mexico's public policy, but Plaintiff has failed to place any central person (including himself) or critical event within that state at a time relevant to "showing that [he] is entitled to relief." *Id.* at 9 (citing FED. R. CIV. P. 8(a)(2)). Nicklaus highlighted these failures in detail as part of its first argument for dismissal in the Motion, *id.* at 9-10, explaining that such omissions mean the Amended Complaint does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's unfortunate and unjustified response is to mischaracterize the facts alleged.

To be clear, Plaintiff's assertion that he "worked on a project involving a New Mexico public utility" exists only in his opposition, Dkt. No. 31 ¶ 5, is contained nowhere in the Amended Complaint, *see generally* Dkt. No. 16, and would be insufficient to overcome the several gaps in pleading the Motion identified even were that allegation added through further amendment. It remains the case that Plaintiff did not allege where he resided between March and May 2025, where his office was located, the state in which the El Paso TIMP project was managed, where the Camino Real Regional Utility Authority ("CRRUA") operates, or where the CRRUA water source at issue in this action was located. *See generally id.* "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Front Row Techs., LLC v. NBA Media Ventures, LLC*, 163 F.Supp.3d 938, 974 (D.N.M. 2016) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). As importantly, "[a] court will not construe a plaintiff's pleadings so liberally that it becomes his advocate." *Mohon v. Agentra LLC*, 400 F.Supp.3d 1189, 1216 (D.N.M. 2019) (quotation marks and citations omitted). The Amended Complaint fails when tested against these standards and Count I must be dismissed.[1]

### B. Plaintiff's Opposition Fails to Respond to Nicklaus's Core Arguments and in that Failure Concedes Them.

Even if the Court determines Count I as pled overcomes these critical omissions to state a claim upon which relief can be granted, Plaintiff has failed to respond to Nicklaus's core

[1] We emphasize that Plaintiff has not, in response to Nicklaus's challenges, proffered whether, how, or to what extent further amendment would not prove futile by identifying additional facts or inferences not yet drawn in his second pleading. But even if he had, the prior failure to include them (particularly after his "matter of course" amendment under Fed. R. Civ. P. 15(a)(1)) justifies dismissal with prejudice. *See infra* Section II.E.

arguments. In particular: (1) that the Amended Complaint does not plausibly allege an exception to at-will employment termination such that the retaliatory discharge claim fails; and (2) that the Amended Complaint fails to offer factual allegations, rather than legal conclusions designed to check off the required elements, such that the retaliatory discharge claim fails. *See generally* Dkt. No. 31. By failing to respond to these arguments, and under local practice, Plaintiff has conceded them alongside the resulting dismissal of Count I. *See infra* Section II.D (explaining that the few positions taken in the opposition cannot find support in the Amended Complaint).

In this District, a party's failure to oppose a motion "within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). "'Implicit in that rule is that the failure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument.'" *Farm Bureau Prop. & Cas. Ins. Co. v. Szantho*, Civil Action No. 22-501 KK/JFR, 2024 WL 5089194, at *8 (D.N.M. Dec. 12, 2024) (quoting *Lewis v. XL Catlin*, 542 F.Supp.3d 1159, 1168 n.6 (D.N.M. 2021), *appeal dismissed*, 2021 WL 6197126 (10th Cir. 2021)) (other citations omitted); *see also Ortega v. Edgman*, Civil Action No. 21-0728 RB/JHR, 2022 WL 796374, at *9 (D.N.M. Mar. 16, 2022) (granting motion to dismiss a claim, and finding it waived, when Plaintiff "did not specifically respond to Defendants' argument regarding [that] claim"); *Blue Air Training Corp. v. Hadley*, Civil Action No. 2:23-CV-0734-KG-JHR, 2025 WL 964537, at *3 (D.N.M. Mar. 31, 2025) (citations omitted) ("[B]y failing to respond to Defendant Jones' arguments, Plaintiff effectively consents to grant the motion.").

Thus, the mere filing of an opposition brief is not enough. Counterarguments must be stated and the party opposing a motion must explain why the relief requested is unwarranted by

"specifically respond[ing] to" the arguments forwarded. *Ortega*, 2022 WL 796374, at *9. Plaintiff fails on this standard too, has waived his claim under Count I, and it must be dismissed.

**C. Count I is Insufficiently Pled.**

As discussed in the Motion, Plaintiff does not allege that Nicklaus or Oasis Outsourcing Admin II, Inc. ("Oasis"), actually ended his employment. *See generally* Dkt. No. 16; Dkt. No. 26 at 10-11. His claim is instead that he was constructively discharged by Nicklaus and Oasis because they "tolerated" and "acquiesce[d] to" the conduct of Nicklaus's joint venturer, Spencer Construction, LLC ("Spencer"), whose conduct he suggests was in retaliation for behavior protected by New Mexico's public policy. Dkt. No. 16 ¶¶ 5, 38. And the whole of his factual assertions regarding unnamed person(s) at Nicklaus are related in 22 words: "He was offered a choice between a one-month severance package or an economically unfeasible relocation to California at the same pay rate[.]" *Id.* ¶ 28.

This brevity means that the Amended Complaint neither alleges, nor provides any factual content for reasonably inferring, the type of surrounding circumstances that would, "if assumed to be true, . . . plausibly (not just speculatively)" indicate Plaintiff "has a claim for relief." *Ortiz v. New Mexico Dep't of Cultural Affs.*, Civil Action No. 16-1396 JB/WPL, 2017 WL 4685620, at *8 (D.N.M. Sept. 20, 2017) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombley*, 550 U.S. at 570)) (internal citations omitted). Again, Plaintiff has failed to allege any of the following: that he wanted to return to the El Paso TIMP project in his project manager role; that he asked to be returned; that he was denied the opportunity to do so; that Nicklaus's offers were made in bad faith rather than in an attempt to address his stated concerns regarding recent treatment by Spencer's employees; that Nicklaus's offers were exclusive of

other potential remedies or non-negotiable; that the pay rate available if he relocated to California could not be increased; that Plaintiff raised his claimed concern that relocation to California was "economically unfeasible," Dkt. No. 16 ¶ 28, without a pay increase; or that relocation to California was separately undesirable. Because of these wholesale omissions, Plaintiff has not alleged a forced choice between "a one-month severance package," or "relocation to California at the same pay rate," *id.*, or involuntary termination, so there is no basis for recasting Plaintiff's resignation as a de facto firing. *See Gormley v. Coca-Cola Enters.*, 109 P.3d 280, 282 (N.M. 2005) (citing *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1030 (Cal. 1994) (en banc)).

As this Court held in a case cited by both parties:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Einess v. Tresco, Inc.*, 44 F.Supp.3d 1082, 1091 (D.N.M. 2014) (citing *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)) (emphasis restored). Put directly, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombley*, 550 U.S. at 556). So "while the court must accept all the factual allegations in the complaint as true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Fed. Deposit Ins. Corp. v. Dee*, 222 F.Supp.3d 972, 1014 (D.N.M. 2016) (citing *Iqbal*, 556 U.S. at 678). Applying these rules, Plaintiff has failed to state a claim of retaliatory discharge that is plausible on its face and has not alleged employment conditions or adverse employment actions capable of rising to the level of constructive discharge. Count I must be dismissed as a result.

### D. Plaintiff's Opposition Mischaracterizes His Pleading by Offering New Theories Unsupported in its Factual Allegations.

Dismissal is required for the reasons stated above and in the Motion. Still, to remedy the potential confusion introduced by Plaintiff's misdirected opposition, we address two more of its failures in this section. *See* Dkt. No. 31 ¶¶ 4, 6. These attempts to rewrite the Amended Complaint so that it might be saved by new and contradictory theories are wholly unsupported by the factual allegations in that pleading. Inasmuch, they are nonresponsive to the challenges raised in the Motion and should be disregarded.

The opposition asserts that "Paragraphs 25– 28 of the Amended Complaint detail the intolerable conditions Plaintiff faced," and that these "culminat[ed] in an ultimatum to accept a one-month severance or relocation to California at the same pay." *Id.* ¶ 4. Plaintiff then states, without explication, "[t]hese facts satisfy the objective standard for constructive discharge[.]" *Id.* But Plaintiff's claim of retaliatory discharge advanced in Count I has been raised against Nicklaus and Oasis—not Spencer or its employees—on a different theory. The Amended Complaint makes this clear: "He was offered a choice between a one-month severance package or an economically unfeasible relocation to California at the same pay rate, *which amounted to a constructive discharge*." Dkt. No. 16 ¶ 28 (emphasis added). It does not, in any part, allege maltreatment by Nicklaus or Oasis leading to that "choice," or that his work environment compelled his resignation. Such a pleading strategy would have failed for the reasons outlined in the Motion, *see* Dkt. No. 26 at 14-15, but that point falls behind the straightforward observation that Plaintiff did not (and cannot) allege facts supporting the theory paragraph 4 of the opposition briefly defends.

The opposition also asserts that "[t]he Amended Complaint sets forth a short time span between Plaintiff's protected report and his termination," and that "[t]emporal proximity supports causation at the pleading stage." Dkt. No. 31 ¶ 6 (internal citations omitted). But Plaintiff, by virtue of predicating Count I on an allegation of constructive discharge, has conceded there was no termination by Nicklaus or Spencer. *See Gormley*, 109 P.3d at 282 ("[C]onstructive discharge is a doctrine that permits an employee to *recast a resignation* as a de facto firing, depending on the circumstances surrounding the employment relationship and the employee's departure.") (citing *Turner*, 876 P.2d at 1030) (emphasis added). So, this muddled reference to "termination" in the opposition, Dkt. No. 31 ¶ 6, like the Amended Complaint's incongruent legal conclusion designed to check off an element, *see* Dkt. No. 16 ¶ 28 ("Nicklaus terminated his employment"), deserves no weight.

If the opposition's reference to "termination" in paragraph 6 might be translated to mean the only adverse action alleged against Nicklaus and Oasis (an offer of relocation to California at the same pay rate), Plaintiff's position is not improved. First, the Amended Complaint does not allege a sufficient factual predicate for the Court to draw an inference that he would have been harmed or worse off had he relocated to California. This argument was made in the Motion, Dkt. No. 26 at 15-16, and ignored in the opposition, *see generally* Dkt. No. 31, so it is conceded. D.N.M.LR-Civ. 7.1(b). Second, and as critically, the temporal proximity described in the Amended Complaint exists between Plaintiff raising concerns to Nicklaus regarding his treatment by Spencer and Nicklaus's responsive offers to address his stated concerns. Unlike the firing described in *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999), the only case cited by Plaintiff for this position, Plaintiff's threadbare factual allegations do not

suggest that Nicklaus made its offers in bad faith or with the purpose of forcing him out of his current role. For that reason, the tendency of "temporal proximity to establish causation" for a prima facie case of retaliation in some employment circumstances, *id.*, does nothing under these facts. Further, without narrowing possibilities by factual averments, the connected allegations are not plausible. *See Ortiz*, 2017 WL 4685620, at *8 (citations omitted) (cleaned up) ("Plausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.").

**E. Justice Does Not Require Another Futile Amendment.**

Dismissal with prejudice is appropriate. While Fed. R. Civ. P. 15 recommends that a "court should freely give leave [to amend] when justice so requires," Plaintiff spends not a moment in his opposition explaining how that requirement is met here. *See* Dkt. No. 31 ¶ 7 (incorrectly citing *Foman v. Davis*, 371 U.S. 178 (1962), a U.S. Supreme Court decision reviewing a First Circuit decision, for direction provided by the Tenth Circuit). That said, *Foman*'s concern regarding refusals to grant leave to amend "without any justifying reason appearing for the denial," 371 U.S. at 182, does not apply in this case.

"[T]he Court may refuse leave to amend 'upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.'" *Lucero v. Travelers Com. Ins. Co.*, 647 F.Supp.3d 1115, 1130 (D.N.M. 2022) (citing *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)) (further citations omitted). And "a court appropriately denies leave to amend" "when the party seeking amendment knew or should have known of the facts upon

which the proposed amendment is based but failed to include them in the original complaint[.]" *Am. W. Bank Members v. Utah*, No. 23-4091, 2024 WL 3812451, at *9 (10th Cir. Aug. 14, 2024), *cert. denied sub nom. Am. W. Bank Members, LC v. Utah*, 145 S. Ct. 2796 (2025) (citing *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)) (further citation omitted) (cleaned up). Allowing Plaintiff another opportunity to attempt to adequately plead the allegations supporting Count I would prove futile because his retaliatory discharge theory, as cabined by the factual concessions already made, cannot be saved; and whatever supplemental factual allegations might be added would certainly have been known or available to Plaintiff from the start of this litigation.

More fundamentally, though, Plaintiff's casual and bare request for leave to amend in the alternative has not been properly presented. *See, e.g.*, *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court.") (citing *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989)); D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). The request can be denied on that basis too, and should be given the increasing but unproductive expense Plaintiff's pleading strategy has already imposed on three defendants and this Court.

## III. CONCLUSION

Based on the foregoing, Defendant, Nicklaus Engineering, Inc., respectfully requests that the Court dismiss, with prejudice, Count I of the Amended Complaint filed by Plaintiff, Demetri Cochran, in the above-captioned matter.

Respectfully submitted,

Dated: November 18, 2025

/s/ Mark F. Rosenow
Mark F. Rosenow
*mrosenow@pilieromazza.com*
Matthew T. Healy
*mhealy@pilieromazza.com*
**PILIEROMAZZA PLLC**
1001 G Street NW, Suite 1100
Washington, DC 20001
Telephone: 202-857-1000
Facsimile: 202-857-0200

*Counsel for Defendant,*
*Nicklaus Engineering, Inc.*

**CERTIFICATE OF SERVICE**

I, Mark F. Rosenow, hereby certify that on November 18, 2025, a true and correct copy of the foregoing document was e-filed with the Court via ECF/CM, which will send a notification of such filing to:

John P. Valdez
**DAVIE & VALDEZ, P.C.**
1801 N. Stanton
El Paso, Texas 79902

Jo Beth Drake
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**
8117 Preston Road, Suite 500
Dallas, Texas 75225

Elbert Ortiz
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**
112 E. Pecan Street, Suite 2700
San Antonio, Texas 78205

Danny W. Jarrett
Melina Valladares
**JACKSON LEWIS, P.C.**
500 Marquette Avenue NW, Suite 1050
Albuquerque, New Mexico 87102

/s/ Mark F. Rosenow
Mark F. Rosenow