**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEMETRI G. COCHRAN,

Plaintiff,

v. No. 2:25-cv-00883-SMD-JHR

NICKLAUS ENGINEERING, INC.,
OASIS OUTSOURCING ADMIN II, INC., and
SPENCER CONSTRUCTION LLC,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Oasis Outsourcing Admin II, Inc.'s Motion to Dismiss or, in the Alternative, for a More Definite Statement. Doc. 7 ("Mot. to Dismiss"). Plaintiff responded in opposition, Doc. 18 ("Pl.'s Resp."), and Oasis filed a reply, Doc. 25 ("Oasis's Reply"). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the motion is **DENIED**.

Oasis filed its motion before Plaintiff filed the operative Amended Complaint. *See* Doc. 16 ("Am. Compl."). Plaintiff's response relies on the Amended Complaint in arguing that the deficiencies identified by Oasis have been cured, while Oasis's reply maintains that those deficiencies remain. Because the alleged defects raised in Oasis's motion remain at issue in the Amended Complaint, the Court considers the motion as directed at the Amended Complaint. *See* *Bird v. Easton*, 859 F. App'x 299, 302–03 (10th Cir. 2021).

**BACKGROUND**

Plaintiff Demetri G. Cochran alleges that he worked on a construction project involving Defendants Nicklaus Engineering, Inc. ("Nicklaus") and Spencer Construction, Inc. ("Spencer").

According to the Amended Complaint, Oasis Outsourcing Admin II, Inc. ("Oasis") served as a professional employer organization for Nicklaus and provided human resources, payroll, and other back-office services, and Oasis entities issued Plaintiff's W-2 forms for 2021 through 2023. Am. Compl. ¶ 3.

Plaintiff alleges that, while working as a project manager, he reported the unauthorized taking of water from the Camino Real Regional Utility Authority ("CRRUA") without a meter and that the federal government was being charged for that same water, conduct Plaintiff believed constituted fraud against the federal government. Am. Compl. ¶¶ 13-18. He further alleges that he refused to participate in or conceal that conduct. *Id.* ¶¶ 15, 36–37. According to Plaintiff, Nicklaus and Oasis terminated his employment on May 12, 2025, in retaliation for those actions. *Id.* ¶¶ 29, 35–38.

In Count I, Plaintiff asserts a claim for retaliatory discharge in violation of New Mexico public policy against Nicklaus and Oasis. Oasis moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing principally that Plaintiff has not plausibly alleged that Oasis was his employer or participated in his termination. Oasis alternatively seeks a more definite statement under Rule 12(e).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, but it does not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678; *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The pleading standard requires more than labels

and conclusions but does not impose heightened fact pleading. *Khalik v. United Air Lines*, 671 F. 3d 1188, 1191 (10th Cir. 2012).

**DISCUSSION**

New Mexico recognizes a claim for retaliatory discharge when an employee is discharged because he performed an act that public policy authorizes or encourages or refused to perform an act that public policy condemns. *Garrity v. Overland Sheepskin Co.*, 917 P.2d 1382, 1386 (N.M. 1996); *Shovelin v. Cent. N.M. Elec. Coop., Inc.*, 850 P.2d 996, 1006 (N.M. 1993). The employee must identify a clear mandate of public policy and allege a causal connection between the protected conduct and the discharge. *Shovelin*, 850 P.2d at 1006; *see also Chavez v. Manville Prods. Corp.*, 777 P.2d 371, 375 (N.M. 1989). In the whistleblowing context, the employee's conduct must further a public, rather than merely private interest. *Garrity*, 917 P.2d at 1386–87.

Plaintiff alleges that he reported and attempted to prevent theft from a public utility, reported conduct he believed constituted fraud against the federal government, refused to participate in or conceal that conduct, and was terminated as a result. Am. Compl. ¶¶ 36–38. Oasis does not principally challenge those allegations. Rather, Oasis argues that Plaintiff has not alleged facts showing that Oasis was his employer or participated in his termination.

The Court disagrees. When an employee seeks to hold two independent entities liable as employers, the Tenth Circuit's joint-employer framework considers whether the entities "share or co-determine those matters governing the essential terms and conditions of employment." *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc). Relevant considerations include the authority to terminate employment; promulgation of work rules and assignments; control overcompensation, benefits, and hours; day-to-day supervision and discipline; and control over employment records, payroll, insurance, and taxes. *Knitter v. Corvias Mil. Living, LLC*, 758

F.3d 1214, 1226–28 (10th Cir. 2014). The right to terminate is the most important consideration. *Id*. at 1228.

The New Mexico Supreme Court has not squarely determined whether that federal framework governs joint-employer status for a common-law retaliatory-discharge claim. The Court need not resolve that question here, however, because Plaintiff has alleged sufficient facts to survive dismissal under the framework Oasis invokes.

Plaintiff's characterization of Oasis as a "co-employer," standing alone, is a legal conclusion and would not suffice. *See Iqbal*, 556 U.S. at 678. But the Amended Complaint alleges more. Plaintiff alleges that Oasis served as Nicklaus's professional employer organization and provided human resources, payroll, and back-office services, and that Oasis entities issued Plaintiff's W-2 forms. Am. Compl. ¶ 3. Plaintiff further alleges that Oasis and Nicklaus terminated his employment. Am. Compl. ¶ 29. Those allegations concern several recognized indicia of an employment relationship and, taken as true, permit a plausible inference that Oasis exercised sufficient control over Plaintiff's employment and participated in the challenged employment action.

This conclusion is consistent with *Tenorio v. San Miguel Cnty. Det. Ctr.*, No. 1:15-cv-00349-LF-JHR, Doc. 156 at 12–15 (D.N.M. Mar. 15, 2017). Applying the joint-employer framework at the pleading stage, the court concluded that allegations concerning control over scheduling, assignments, supervision, discipline, and the plaintiff's continued ability to work were sufficient to make joint employment plausible. *Tenorio*, Doc. 156 at 13. The court also distinguished decisions resolving employer status at summary judgment or judgment as a matter of law because those decisions applied a developed evidentiary record rather than Rule 12(b)(6)'s plausibility standard. *Tenorio*, Doc. 156 at 14.

Although Plaintiff's allegations concerning Oasis's control are less extensive than those alleged in *Tenorio*, the Amended Complaint alleges a fact particularly significant under *Knitter*: that Oasis and Nicklaus terminated Plaintiff's employment. Applied here, several factors favor Oasis: The Amended Complaint does not allege that Oasis assigned Plaintiff's work, set his hours or compensation, supervised his day-to-day work, or disciplined him. Other factors, however, support a plausible inference of joint employment at the pleading stage. Plaintiff alleges that Oasis provided human resources and payroll services, issued his W-2 forms, and that Oasis and Nicklaus terminated his employment. Am. Compl. ¶ 3. Viewed collectively and accepted as true, those allegations are sufficient at this stage to permit a reasonable inference that Oasis exercised some control over the essential terms and conditions of Plaintiff's employment.

Oasis's reliance on *Freeman v. Raytheon Techs. Corp.*, No. 23-1133, 2024 WL 1928463, at 5 (10th Cir. May 2, 2024), does not require dismissal. In addressing the plaintiff's joint-employer theory against the Department of Defense ("DOD"), the Tenth Circuit concluded that nothing in the complaint indicated that DOD possessed the right to terminate the plaintiff or otherwise exercised significant control over his employment. *Id.* at 5. Here, by contrast, Plaintiff expressly alleges that Oasis and Nicklaus terminated his employment. Plaintiff further alleges that Oasis served as Nicklaus's professional employer organization, performed human-resources and payroll functions, and issued employment tax documents to Plaintiff. Am. Compl. ¶ 3. Taken as true, those allegations permit plausible inference that Oasis exercised some control over Plaintiff's employment and participated in the challenged employment action. Whether Oasis in fact possessed termination authority or instead merely performed administrative function is a matter that cannot be resolved against Plaintiff on the present pleadings.

The Court therefore concludes that Plaintiff has plausibly alleged that Oasis was an employer involved in the alleged retaliatory discharge. The Court does not determine at this stage whether Plaintiff ultimately can prove that relationship.

Oasis alternatively seeks a more definite statement under Rule 12(e). Such relief is appropriate only when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Amended Complaint identifies the claim asserted against Oasis, the alleged employment relationship, Plaintiff's asserted protected conduct, the alleged retaliation, and the termination forming the basis of Count I. Oasis therefore has sufficient information to prepare a response.

## CONCLUSION

Plaintiff has alleged sufficient facts to state a plausible retaliatory-discharge claim against Oasis, and the Amended Complaint is not so vague or ambiguous that Oasis cannot reasonably respond.

**IT IS THEREFORE ORDERED** that Defendant Oasis Outsourcing Admin II, Inc.'s Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. 7) is **DENIED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**