**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEMETRI G. COCHRAN,

Plaintiff,

v. No. 2:25-cv-00883-SMD-JHR

NICKLAUS ENGINEERING, INC., *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Spencer Construction LLC's Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for More Definite Statement, Doc. 8 ("First Mot. To Dismiss"), and Motion to Dismiss Plaintiff's Tortious Interference Claim, Doc. 23 ("Second Mot. To Dismiss"). Plaintiff responded in opposition to the First Motion to Dismiss, Doc. 19 ("Pl.'s First Resp."), and the Second Motion to Dismiss, Doc. 30 ("Pl.'s Second Resp."), and Spencer filed a reply in support of the Second Motion to Dismiss, Doc. 32 ("Def.'s Reply"). The Court has reviewed the parties' submissions, the record, and the relevant law. For the reasons below, the First Motion to Dismiss is **DENIED** as moot, and the Second Motion to Dismiss is **GRANTED IN PART**. Count II is **DISMISSED WITHOUT PREJUDICE** and Plaintiff's alternative request for leave to amend is **GRANTED**.

Spencer filed its First Motion to Dismiss before Plaintiff filed the operative Amended Complaint. *See* Doc. 16 ("Am. Compl."). The First Motion to Dismiss challenges the original Complaint and seeks dismissal or, alternatively, a more definite statement. *See* First Mot. To Dismiss. Plaintiff thereafter filed the Amended Complaint and Spencer subsequently filed the Second Motion to Dismiss specifically challenging Count II of that operative pleading. "[A]n

amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Because the Amended Complaint superseded the pleading challenged by the First Motion to Dismiss and Spencer subsequently filed a motion directed to Count II of the operative pleading, the First Motion to Dismiss is moot.

**BACKGROUND**

Plaintiff Demetri G. Cochran alleges that Nicklaus Engineering, Inc. ("Nicklaus") and Oasis Outsourcing Admin II, Inc. ("Oasis") employed him as a Project Engineer and later Project Manager on the El Paso T.I.M.P. project ("TIMP"). Am. Compl. ¶¶ 1, 12. Spencer Construction LLC ("Spencer") was Nicklaus's joint-venture partner on the government contract where Plaintiff worked. *Id.* ¶ 4.

According to the Amended Complaint, in March 2025 the Camino Real Regional Utility Authority ("CRRUA") directed Nicklaus to return its water meter and advised that water could not be taken from the source until the meter was recalibrated and reissued. *Id.* ¶ 13. Plaintiff alleges that a Spencer superintendent nevertheless announced that Spencer would "steal water from CRRUA," and that the next day Plaintiff observed a Spencer employee taking water without a meter. *Id.* ¶¶ 14–16. Plaintiff reported the alleged theft to the U.S. Border Patrol because his name appeared on cost estimates charging the federal government for the same water. *Id.* ¶ 18.

Plaintiff alleges that Patrick Spencer then began a campaign of retaliation. *Id.* ¶ 19. Among other things, Patrick Spencer allegedly confronted Plaintiff in a hostile meeting, accused him of being "just as guilty" as the Spencer superintendent, and told Plaintiff that his "job and livelihood depended on" remaining in the meeting. *Id.* ¶ 21. Plaintiff further alleges that Patrick Spencer later publicly attacked his competence, called him a derogatory name in front of others, repeated the insult to Plaintiff's Nicklaus supervisor by telephone, and assigned Spencer employees to

monitor Plaintiff's work. *Id.* ¶¶ 24–25. Plaintiff reported to Nicklaus that he was being targeted for reporting the alleged theft. *Id.* ¶¶ 22, 26. Later on April 30, Nicklaus instructed Plaintiff to take paid time off and refrain from attending a project meeting. *Id.* ¶ 27. When Plaintiff contacted Nicklaus before returning on May 12, Nicklaus terminated his employment and offered him either a one-month severance package or relocation to California at the same pay rate, which Plaintiff alleges was economically infeasible. *Id.* ¶ 28.

Count II asserts tortious interference with prospective economic advantage against Spencer. *Id.* ¶¶ 41–47. It incorporates the preceding allegations and identifies Plaintiff's asserted prospective economic advantage as "future employment with government contractors, including the U.S. Border Patrol," for which his TIMP-project experience allegedly made him a "prime candidate." *Id.* ¶¶ 41–42. Plaintiff alleges that Spencer knew of that prospective advantage and intentionally interfered with it by making false accusations, publicly attacking his professional competence, subjecting him to monitoring and harassment, and causing his removal from the government contract. *Id.* ¶¶ 43–44. He alleges that the interference rendered him ineligible for jobs with the Border Patrol and other government contractors. *Id.* ¶ 46.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, but it does not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678; *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The pleading standard requires more than labels

and conclusions but does not impose heightened fact pleading. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

### I. Tortious Interference

New Mexico recognizes a cause of action for intentional interference with prospective contractual relations. *M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 244–45 (N.M. Ct. App. 1980). New Mexico has adopted the formulation of that tort set forth in Section 766B of the Restatement (Second) of Torts, under which liability may arise when a defendant intentionally and improperly interferes with another's prospective contractual relation. *Id.* at 245. The interference may be improper because the defendant acted with an improper motive solely to harm the plaintiff or because the defendant employed improper means; either ground, standing alone, may support liability. *Id.* at 246; *Zarr v. Washington Tru Sols.*, LLC, 208 P.3d 919, 921 (N.M. Ct. App. 2009). Improper means may include "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Fikes v. Furst*, 81 P.3d 545, 553 (N.M. 2003) (quoting *M & M Rental Tools*, 612 P.2d at 246).

A plaintiff must also establish an actual prospective contractual relation and a causal connection between the defendant's conduct and the loss of that relation. *Anderson v. Dairyland Ins. Co.*, 637 P.2d 837, 841 (N.M. 1981). In *Anderson*, the New Mexico Supreme Court explained that "the defendant must be shown to have caused the interference" and that the plaintiff must establish "an actual prospective contractual relation which, but for the [defendant's] interference, would have been consummated." *Id.* Although *Anderson* addressed the sufficiency of the evidence rather than the sufficiency of a complaint, it identifies the substantive elements that Plaintiff ultimately must establish under New Mexico law. At the pleading stage, therefore,

Plaintiff need not prove that a prospective relation would have been consummated, but he must allege sufficient facts to make the existence of such a relation and Spencer's interference with it plausible. *See Iqbal*, 556 U.S. at 678; *Khalik*, 671 F.3d at 1191.

## II. Prospective Contractual Relation

Spencer argues that Count II fails because Plaintiff identifies only speculative future employment with the Border Patrol and unidentified government contractors. Second Mot. To Dismiss at 4–5; Def.'s Reply at 3. Plaintiff responds that his work on the TIMP project positioned him for continued government-contracting employment and that his ongoing federal-contracting work and reputation with the Border Patrol supplied a reasonable expectancy of future employment. Pl.'s Second Resp. at 3–4. The Court finds that the allegations, as presently framed, do not plausibly identify the prospective contractual relation *Anderson* requires.

The Amended Complaint alleges that Plaintiff's TIMP experience made him a "prime candidate" for future employment with government contractors and the Border Patrol. Am. Compl. ¶ 42. It does not, however, identify a prospective employer considering Plaintiff, an application or interview, an anticipated position, negotiations, an offer, or comparable facts tying Plaintiff to an identifiable prospective employment relationship. Nor does it allege that Spencer communicated with or otherwise influenced a prospective future employer. Instead, Count II alleges that Spencer's conduct damaged Plaintiff's professional reputation and thereby rendered him ineligible for similar government-contract positions generally. *Id.* ¶¶ 44(d), 46. Those allegations do not plausibly describe a claimed loss of future employability, but they do not plausibly identify the "actual prospective contractual relation" required by *Anderson*. *See Anderson*, 617 P.2d at 841.

Plaintiff's reliance on *M & M Rental Tools* does not alter that conclusion. *See* Pl.'s Second Resp. at 3–4. A prospective contractual relation need not already have matured into a binding contract. *M & M Rental Tools*, 612 P.2d at 245. But *M & M Rental Tools* itself involved a concrete prospective transaction: the plaintiff alleged that it was about to rent a pump to a customer before the defendants intervened in that transaction. *Id.* ¶¶ 1–9. *Anderson* subsequently described the protected interest as an "actual prospective contractual relation" that, absent the defendant's interference, would have been consummated. 637 P.2d at 841. Thus, the absence of a finalized agreement is not fatal; the absence of factual allegations plausibly identifying an actual prospective relation is.

Spencer also invokes the rule governing at-will employment. Def.'s Reply at 2–3. New Mexico treats interference with an at-will employment relationship as interference with a prospective employment relationship. *Zarr*, 208 P.3d at 923; *Silverman v. Progressive Broad., Inc.*, 964 P.2d 61, 69–70. Spencer argues that Plaintiff does not allege that his Nicklaus employment was anything other than at will and relies on that principle in addressing the improper-motive standard. Def.'s Reply at 2–3. Count II, however, identifies a different prospective advantage: future employment with government contractors and the Border Patrol. Am. Compl. ¶¶ 42–46. Plaintiff likewise defends Count II on that basis in his response. Pl.'s Second Resp. at 1, 3–4. The Court therefore evaluates the prospective relationship Plaintiff has identified and does not decide whether the allegations would state a different interference claim based on continuation of Plaintiff's employment with Nicklaus.

Spencer separately argues that Plaintiff must plead that Spencer's sole motive was to harm him. Def.'s Reply at 2–3. Under New Mexico law, however, improper motive and improper means are alternative grounds for liability for interference with a prospective contractual relation.

*Zarr*, 208 P.3d at 921–22. The sole-motive requirement applies when a plaintiff relies on improper motive, including in the context of at-will employment. *Fikes*, 81 P.3d at 552–53; *Zarr*, 208 P.3d at 922–23. It does not apply when the plaintiff relies on improper means. *Zarr*, 208 P.3d at 921–22.

Plaintiff alleges, among other things, that Patrick Spencer threatened his "job and livelihood" and falsely accused him of complicity in the reported theft. Am. Compl. ¶¶ 21, 44(a). Threats or intimidation and deceit or misrepresentation are recognized examples of potentially improper means. *Fikes*, 81 P.3d at 553. The Court need not determine whether these allegations plausibly establish improper means because Count II independently fails to plausibly allege an actual prospective contractual relation with which Spencer interfered. *See Anderson*, 637 P.2d at 841.

**III. Leave to Amend**

Spencer asks the Court to dismiss Count II with prejudice, arguing that amendment would be futile. Second Mot. to Dismiss at 6; Def.'s Reply at 4. Plaintiff alternatively requests leave to amend if the Court finds Count II deficient. Pl.'s Second Resp. at 4. Because Plaintiff has already amended once, any further amendment requires Spencer's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) directs courts to "freely give leave when justice so requires." In deciding whether to permit amendment, a court may consider "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," undue prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Plaintiff previously amended his complaint, the record does not establish repeated failure to cure deficiencies or that amendment necessarily would be futile. *See Seale v. Peacock*, 32 F.4th 1011, 1027–28 (10th Cir. 2022).

Plaintiff's request for leave appears in his response rather than in a separate motion. Although a court is not required to treat such a request as a motion for leave to amend, the Court retains discretion to permit amendment under Rule 15(a)(2). *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). Exercising that discretion, the Court declines Spencer's request for dismissal with prejudice and Court grants Plaintiff's alternative request for leave to amend Count II to cure the deficiency identified in this Order. The Court expresses no view on whether Plaintiff can do so or whether an amended Count II ultimately would survive dismissal.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED**:

1. Defendant Spencer Construction LLC's Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. 8) is **DENIED** as moot;
2. Defendant Spencer Construction LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Tortious Interference Claim (Doc. 23) is **GRANTED IN PART**;
3. Count II of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**;
4. Plaintiff's alternative request for leave to amend Count II is **GRANTED**. Plaintiff may file a second amended complaint within 14 days of entry of this Order.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**